## WILSON v. N. Y. CENTRAL R. R. CO.

### June, 1867.

The defendants agreed with plaintiff (who had contracted to construct a railroad track parallel to that of defendants' road) that they would transport and distribute his material along the line, and charge him only the actual expense. In his action against them to recover for a breach of the agreement, *held*, that evidence of how much more it cost him to distribute the ties, &c., by laying a temporary track, was admissible ; and this excess in expense was proper damages.

An objection that a witness's answer of a question is irrelevant, must be so expressed as to point to the particular answer, not to the whole of his testimony.

Samuel Wilson sued defendants for breach of contract. He was a contractor with the Buffalo, New York & Erie Railroad Company, to lay its track and superstructure from Attica to Batavia, a distance of eleven miles. By the contract, he was to receive the materials, iron, ties and spikes, from the company at Attica and Batavia, and himself distribute them for use, between the two places. Defendants' railroad ran between these places, parallel to and so near the new road that these materials could conveniently be distributed from defendants' cars at the places where plaintiff wanted them for use ; and he contracted with defendants to do this work as stated below. After doing a small portion of the work of distributing, defendants refused to proceed; and plaintiff brought this action.

From judgment for plaintiff, defendants appealed.

*A. P. Laning*, for defendants, appellants.

*F. E. Cornwell*, for plaintiff, respondent.

BY THE COURT.—J. M. PARKER, J. [After stating above facts.]—The referee found that plaintiff, in the month of May, 1858, made an agreement with the defendants, by which the said defendants agreed to furnish a locomotive engine and the necessary railroad cars and hands to transport for said plaintiff and deliver along the line of said road, between Batavia and Attica aforesaid, at such points as the said plaintiff should desire, all such railroad ties, spikes and other materials, as the said plaintiff should or might have for the construction of said railroad; and that said defendants would keep an account of the actual expense of transporting and distributing the same, the amount of which should be paid by the plaintiff to the defendants therefor." The defendants' counsel insists that this finding is without evidence to sustain it, in that there is no evidence that the defendants were to distribute the spikes. That the defendants undertook to distribute the ties is not disputed, and though nothing was said specifically about the spikes, the testimony of the plaintiff is that the defendants' agent, with whom the contract was made, said " he would put on an engine and train of cars and do my work for me." This, the referee construed, doubtless, and I think properly, as including the distributing of all the materials the plaintiff had for distribution over the whole route.

[After remarking that no other question than the following remained, the learned judge proceeded as follows.]—Upon the trial, after giving evidence tending to prove his contract with the defendants; the amount of work done by defendants upon it; the amount left undone, and defendants' refusal to do any more; the mode then adopted by plaintiff for distributing the residue of the materials, to wit: part by the use of teams, and part by making a partially completed track, and employing on it, upon hire, the engines and cars of the Buffalo, New York & Erie Railroad, for the purpose, this track being laid by placing the rails upon the few ties to the rail, already distributed, and which was subsequently completed by filling in the residue necessary,

as they were thus drawn and distributed,—the plaintiff called as a witness, George D. Miller, his foreman in doing the work under his contract, who, after giving testimony further tending to prove the facts above referred to, said : " I think it would make one hundred dollars per mile difference to lay ties this way than to lay them before rail was laid." At this point in the case, which was the close of Miller's evidence on the direct examination, occurs this statement : " This evidence was objected to, before the same was given, as irrelevant and incompetent on the question of damages, but the referee decided that the same was competent for that purpose, to which the defendant duly excepted."

The objection, in terms, is broad enough to include all the testimony which Miller had given. There is nothing to point the expression " this evidence " to the last sentence rather than to the whole, as there should have been if the last sentence alone was to be included in the objection ; and, as some portions of Miller's evidence is clearly unexceptionable, the objection, being too broad in that view, must go for nothing.

But, if the objection were confined to the sentence giving the comparative cost of laying the track before and after the rails were placed *in situ,* as described, I think this fact a proper one to prove ; for it is the fact to which the objection points, and not the mode of proving it. This extra cost of laying the track was in effect but the extra cost of doing the work which the defendants were to do, for the track was thus partially laid as a part of the work necessary in transporting the ties; it was virtually laying down a temporary track on which to transport the materials, and after they were transported, taking it up again, and then, with the materials thus brought upon the ground, together with what was there before, and thus temporarily used, constructing the superstructure of the road. Thus viewed, this extra cost was strictly but the extra cost of distributing the materials; and if, in some instances, instead of taking up the rails for the purpose of placing the additional ties, the rails were suffered to remain, and the ties worked in under them, it does not change the character of the expense prejudicially to the defendant. It comes to the same thing in effect. The extra expense is the difference to the plaintiff between

having the materials on the ground for use as the super-structure is laid and completed, and bringing the portion of them left behind by the defendants in the mode adopted by the plaintiff.

Indeed, regarding this extra expense as applicable exclusively to the cost of the superstructure, as the witness gave it, inasmuch as it was the direct and immediate result of the materials not being distributed as defendants undertook to distribute them, it is an injury for which the plaintiff was entitled to recover.

I am of the opinion the judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.